UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| HBKY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:21-CV-101-GFVT-HAI |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| ELK RIVER EXPORT, LLC, *et al*., | ) | & ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court herein addresses several pending matters and recommends that certain of the Hensley Heirs be dismissed.

## I.  Background

The Hensley Heirs were brought into this case through Plaintiff HBKY's January 2022 Amended Complaint (D.E. 122), which incorporates the original June 2021 Complaint (D.E. 1). HBKY essentially brought this action to collect money allegedly owed by various defendants through various prior judgments and instruments.  Count Seven of the Amended Complaint seeks declaratory judgment and quiet title "with respect to the Hensley Heirs." D.E. 122 at 5-8. Twenty-nine such Heirs are named. *Id*. at 5-6.  According to the Amended Complaint, the Hensley Heirs have a coal lease with Defendant JRL Coal.  The Heirs and JRL dispute the boundary of the Heirs' property.  According to the Amended complaint, this boundary dispute clouds title to the Brookside property (and by extension the Heirs' adjoining property) and

> also impacts the calculation of damages and/or royalties that JRL Coal would owe to the Plaintiff pursuant to Count Four of the Complaint.  A calculation of the amounts owed to the Plaintiff or to the Hensley Heirs by JRL Coal for royalties or

> damages can only be completed when the boundary lines between these various parcels are resolved.
>
> The potential claims of the Hensley Heirs regarding the boundaries of Brookside constitute a claim to or interest in Brookside, and the Hensley Heirs are named as Defendants herein to assert their claim, if any, to Brookside, or to be forever barred from doing so.

*Id*. at 7.  The Heirs, originally represented by counsel, filed their own counterclaim against HBKY in March 2022.  D.E. 144.

On July 28, 2023, counsel for the Hensley Heirs withdrew.  D.E. 356, 357. Since then, numerous Heirs have participated *pro se*.  Some of these persons are different from the original 29 Heirs named as Defendants.  The Court previously discussed the situation in its February 13, 2024 Order at Docket Entry 613.  In that Order, the Court noted the importance of the joinder of necessary parties in an action to quiet title in Kentucky.

In *Gilland v. Dougherty*, 500 S.W.3d 217 (Ky. Ct. App. 2016), *as modified* (Aug. 26, 2016), the Kentucky Court of Appeals reversed a quiet title judgment on account of the trial court's failure to include all necessary parties.  As noted in that case, the governing statute provides:

> Any person having both the legal title and possession of land may prosecute suit, by petition in equity, in the circuit court of the county where the land or some part of it lies, against any other person setting up a claim to it. If the plaintiff establishes his title to the land the court shall order the defendant to release his claim to it.

*Id*. at 222 (quoting Ky. Rev. Stat § 411.120).  The *Gilland* court held that "the plaintiff's burden in a quiet title action to prove ownership and possession of the land cannot be satisfied while other non-parties have a claim to ownership."  *Id*.  Turning to Kentucky Rules of Civil Procedure 19.01 and 19.02, the court explained that "record owners are indispensable parties to a quiet title action." *Id*. at 222-23 (discussing *Baker v. Weinberg*, 266 S.W.3d 827, 831-32 (Ky. Ct. App. 2008), *as modified* (Sept. 12, 2008)).  The *Gilland* court determined that the case could not proceed without including heirs of two title holders—"the controversy [could not] be resolved between the existing

2

parties without prejudicing the [] heirs' rights." *Id* at 233.  The same reasoning applies to a declaratory-judgment action concerning a property boundary.  *Id*. at 223-24.  Thus, "the trial court erred by proceeding in the absence of the record owners of the disputed property because it is evident that they have an interest and the suit would prejudice their rights to the property." *Id*. at 224.  The court noted, "At minimum, the unknown heirs [] must be identified and served by constructive service through a warning order attorney." *Id*.  The matter was remanded to either be dismissed without prejudice or held in abeyance while the plaintiffs located the heirs.  *Id*.

On March 12, 2024, HBKY filed a Report on Joinder of Hensley Heirs.  D.E. 696.  Attached is a Memorandum from attorney Daniel L. Farmer detailing his efforts to determine which 37 "Potential Hensley Heirs" were current titleholders to the Hensley Property.  D.E. 696-3.  The Court notes that, in addition to this document, the various potential Heirs have filed numerous exhibits, including deeds, wills, affidavits, birth certificates, and death certificates.  Many of these are under seal and do not appear to have been available to HBKY and Mr. Farmer.  The Court thus has a wealth of information in the record (but by no means complete information) concerning the descendants of Lloyd and Mary Hensley, who passed in 1953 and 1971, respectively.

Following the filing of the Farmer Memorandum, many of the Heirs have moved to withdraw and/or be dismissed, some of them purporting (or perhaps proposing) to "quitclaim" their interest in the property to another Heir.  These Heirs will be noted individually below.  Concerning these motions to withdraw, HBKY has specified it

> does not oppose the dismissal of any party seeking to exit the litigation so long as the determination of its boundary is by agreement [HBKY and the JRL Defendants proposed agreed forms of stipulation (see R. 765-1 and 765-2)] or through a final and non-appealable court order that is binding upon the Heirs of Loyd and Mary Hensley and "runs with the land."

D.E. 783 at 2.

On May 16, 2024, HBKY filed a chart which details which of the (now up to 39) Heirs have filed versions of the First, Second, Third, and Fourth Common Motions,[1] which attended discovery meetings, which served discovery responses, and which moved to withdraw.  D.E. 753-1.  This chart is consistent with the Court's tracking of the Heirs, although other dismissal-related materials have been filed in the record since then.

The Court now addresses the assertion of HBKY and the JRL Defendants that certain of the Heirs ought to be dismissed for discovery violations and/or failure to prosecute.  First, HBKY asserts the following thirteen Heirs are "fully non-compliant" with their discovery obligations:

| | | | |
|---|---|---|---|
| Donald Bargo | James Bargo | Bonnie Glancy | Robyn Harmon |
| Garry Hogue | Mary Hogue | Joel Lopez | Charles Napier |
| Jeffrey Napier | Dana Wheeler | Paxton Wheeler | Erica Wood |
| Robert Wood | | | |

D.E. 725 at 2.  The record is clear at this point that, among these thirteen, three (Bonnie Glancy, Mary Hogue, and Dana Wheeler) are deceased.  HBKY argues these thirteen should be dismissed with prejudice "for (a) Lack of Standing, (b) Discovery Non-Compliance, and (c) Failure to Prosecute."  *Id*. at 3.

In addition to these thirteen, HBKY also considers 21 other potential Heirs to have provided deficient discovery responses.  D.E. 725 at 2.  According to HBKY, only three Heirs—Nawanna Privett, Stephanie Fairchild Fister, and Jennifer Griffin—have been "actively pursuing the case" and were continuing to make supplemental discovery responses.  *Id*. n.2.  This also tracks the Court's observation that these three are the Heirs who have not sought to withdraw, have been

---

[1] See the Court's Order at Docket Entry 613 for descriptions of the First, Second, and Third Common Motions.

consistent in making filings, and have stated they have attempted to comply with their discovery obligations. HBKY adds a fourth potential Heir—William Fister, the son of Stephanie Fairchild Fister—among the group they call the "Four Respondent Heirs." *Id*. at 2, nn.1 & 2.

As noted, HBKY asked the Court in April to dismiss certain Heirs for lack of standing, for failure to prosecute, and as a discovery sanction. D.E. 725 at 3. But HBKY has not yet filed specific motion to that effect. There are, however, other places in the record where HBKY expressed an interest in pursuing dismissal for failure to prosecute or cooperate in discovery. On March 14, 2024, HBKY filed a status report concerning a March 12 discovery conference with the Heirs. According to the uncontested description in the report:

> The parties discussed the issues regarding discovery and what was needed to have proper responses. The Heirs were notified of the meet and confer and all matters that were discussed in such notice and agenda were addressed with the attendee Heirs during this telephonic call. Messrs. Mitchell and Olson reviewed what was requested through the discovery and how the responses did not conform to the Local Rules, the Rules of Evidence, and the Rules of Civil Procedure. Several of the Heirs noted that they wanted to provide the proper evidence in compliance with the rules.
>
> The Heirs asked what sanctions could be applied if a Motion to Compel was filed. Mr. Olson explained that Rule 37 provides a range of sanctions including dismissal of claims, preclusion from submitting evidence on a particular topic, monetary sanctions for bringing discovery motions, and other items. Without providing legal advice, he simply directed the Heirs to review the rules for the range of sanctions that could be assessed by the Court.

D.E. 697 at 2. And HBKY warned the Heirs that they "could seek sanctions if non-compliance continued." *Id*. at 3.

On May 1, while objecting to a discovery order concerning requests for admissions, HBKY argued in favor of Rule 37 sanctions:

> Sanctions can and should be imposed for a complete failure to comply with the applicable rules. The severity and degree of a sanction to be imposed under Rule 37, Fed. R. Civ. P., rests in the Court's discretion. "There is a need for deterrence when a party has brought a case to a significant standstill through the

failure to participate in discovery."  "[A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits."  Even with a general policy favoring disposition of a case on its merits, options are available to sanction noncompliance, and these options include case dispositive actions when a party's "conduct impedes progress in that direction."  A party is subject to case terminating sanctions when its failure to comply with deadlines and discovery obligations prevent the case from moving forward.  When the sanction dooms a party's claims or defenses, then the Court must consider whether the noncompliance involved willfulness, fault, or bad faith, and the availability of lesser sanctions.  "Willfulness" in the discovery context has been defined as acts performed "with the intent to harm another party."  A party that is noncompliant with discovery obligations bears the burden of proving harmlessness and requesting a lesser sanction under the Rules.  Rule 37, Fed. R. Civ. P., acknowledges an award of attorneys' fees as an appropriate stand-alone sanction for failing to comply with the Rules.

This standard has been applied in this District . . . .  As in this case for the Non-Respondents, in those representative cases all four factors were shown in that (a) there was no response to proper discovery, (b) the lack of the responses caused delay and prejudice to HBKY as it advanced this case, (c) adequate notice of the risk of having the Requests Deemed Admitted was provided, and (d) having the Requests "deemed admitted" is a proportional and reasonable sanction.  While the sanctions imposed by the courts in those two cases was dismissal, this approach is even more appropriate when a less drastic sanction is sought. . . .

D.E. 734 at 3-4 (footnotes containing citations omitted).

On May 16, 2024, HBKY filed a motion for a hearing.  D.E. 753.  HBKY proposes a telephonic conference "as a predicate to a Motion for Sanctions under Rule 37," among other things.  *Id*. at 1.  The motion states, "For their non-compliance, [the non-responding Heirs] should be sanctioned.  Specifically, their status should be confirmed and then their individual claims should be dismissed with prejudice."  *Id*. at 3.  HBKY proposes that the call encompass a discussion of sanctions, including dismissal of parties and levying of attorney fees.  D.E. 753-5 at 1-2.

Accordingly, since March, the potential of certain Heirs being dismissed as a discovery sanction has been discussed in the record.  There is no indication in the record that the non-

compliant Heirs have since attempted to become compliant with their discovery obligations. The request for dismissal as a sanction essentially stands unopposed except as to the Four Respondent Heirs who will be discussed below. The Court accordingly will recommend that certain Heirs be dismissed under Federal Rule of Civil Procedure 41. The dismissal should be with prejudice as to these Heirs' claims or counter-claims and without prejudice as to these Heirs in their capacity as defendants. The Court does not recommend any assessment of fees or costs on the Heirs to be dismissed.

## II.  Involuntary Dismissal

Federal Rule of Civil Procedure 41(b) states:

> **(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Although the language of Rule 41(b) contemplates a motion to dismiss, the Rule has long been interpreted to permit a court to dismiss an action on its own initiative because a plaintiff has failed to comply with the rules of civil procedure or the court's orders. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007).  For purposes of this motion, the Court assumes (without deciding) that the affected Heirs are proper parties to the case.  The Heirs are both defendants and cross-claimants, so they fall within the umbrella of "plaintiffs."  The Court finds several of the Heirs have failed to comply with the Rules of Civil Procedure under Rule 41(b).

The Sixth Circuit has identified four factors to evaluate a District Court's dismissal for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

7

(4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).  The factors as a whole weigh in favor of dismissal here.

The first factor "requires a clear record of delay or contumacious conduct," meaning "behavior that is perverse in resisting authority and 'stubbornly disobedient." *Carpenter*, 723 F.3d at 704-05 (internal quotation marks omitted).  The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.  *Id*. at 705.

HBKY represents that each of the 13 non-compliant Heirs provided no discovery responses in this case.  *See, e.g.,* D.E. 753-1 (chart).  This assertion is uncontested.  Although many of non-compliant Heirs made filings in this case (including filing up to all four of the Common Motions), this participation in no way relieves them of the duty to provide appropriate discovery responses to other parties under the Rules.  And the record shows repeated attempts from the opposing parties to obtain discovery, including the aforementioned meet-and-confer sessions in January and March of 2024.  Some of the non-compliant Heirs even attended those sessions.  *See id*.  This case accordingly has a clear record of contumacious conduct.  The non-compliant Heirs' failure to comply with the discovery Rules, despite multiple warnings, shows "reckless disregard" for the effect of their conduct on those proceedings.  *Carpenter*, 723 F.3d at 705.

Concerning the second factor, HBKY and JRL have been prejudiced by having to waste time, money, and effort on discovery, with no reciprocity.  *See Carpenter*, 723 F.3d at 707.  This includes conducting multiple meetings with the Heirs in an attempt to provoke compliance and motions with the Court related to the discovery shortcoming.

Third, the Heirs have been warned that refusal to provide discovery could generate an adverse judgment. The Court already discussed HBKY's prior warnings to the Heirs made via filings and at the discovery meetings. *See* D.E. 697 at 2; D.E. 734 at 3; D.E. 725; D.E. 753 at 1; *see also* Joint Local Civil Rule 5.2(e).

The final factor is whether less drastic sanctions are available. Here, there is no disputing that HBKY and JRL provided extensions for the Heirs to provide discovery. The Court has no reason to believe further extensions will provoke compliance. Additionally, the Heirs will have fourteen days to object to this recommended disposition, should they seek to argue in favor of less drastic measures.

Additionally, many of the Heirs have filed motions seeking to withdraw from the case. These motions to withdraw indicate an intention to no longer participate. The presence of such motions weighs heavily in favor of Rule 41 dismissal for these Heirs, which will be noted separately below.

Concerning the necessary-parties issue, assuming that the Heirs who are being dismissed are title holders and thus necessary parties under *Gilland v. Dougherty*, 500 S.W.3d 217 (Ky. Ct. App. 2016), the notice requirement is satisfied as to the Heirs to be dismissed. Each such Heir, whether a named Defendant or an Heir who moved to be added to this case, certainly was given notice of this action and a full opportunity to participate. The Court considers *Gilland* to be satisfied as to these Defendants.

For a full record, the Court now addresses individually the Hensley Heirs who are recommended to be dismissed from this action under Rule 41.

### A. Fully Non-Compliant Heirs

As a preliminary observation, several of the thirteen fully non-compliant Heirs have filed motions stating an intention to quitclaim their interest in the Hensley property to another Heir. To be clear, nothing before the Court suggests that any such quitclaim deeds *have already* been executed and filed with a County Clerk. The Court thus interprets those filings as stating an *intention* to quitclaim to facilitate resolution of the case, but not asserting that such a transfer of title has already been finalized. Any Heir who quitclaims his or her full interest in the Hensley property to another Heir would of course lose his or her legal interest and standing in this litigation. The Court here makes clear that the dismissal recommendations contained herein are in no way dependent on any past or future quitclaims.

Also, when some Heirs began filing motions to withdraw, HBKY and JRL became concerned about ensuring a full and final resolution of the boundary dispute in this Court. HBKY ultimately filed a revised proposed Stipulation of Dismissal and Agreement Dismissing. D.E. 765. As HBKY explains, following inconsistent filings by the Heirs seeking to be dismissed,

> HBKY and the JRL Defendants worked to address such modifications and comments and have proposed the attached stipulations which have been agreed by HBKY and the JRL Defendants that can be signed by such Heirs to completely conclude the respective Heirs' involvement in the case and a related arbitration and have an agreement as to the boundary based on the boundary drawn by Mr. Johnson. HBKY seeks to conclude the involvement of those Heirs in the case so long as the determination of the boundary by agreement or court order is binding upon the Heirs of Loyd and Mary Hensley and "runs with the land." The JRL Defendants are also willing to dismiss with prejudice any claims against any Purported Heir who dismisses its claims against the JRL Defendants with prejudice and agree to dismissal of the arbitration.

D.E. 765 at 2.

The Court here clarifies that the dismissals recommended here are to be with prejudice as to each dismissed Heirs' claims and counterclaims in this matter. Absent settlement, the Court

will move forward with the remaining Heirs to resolve the boundary by Court order that is binding upon all the Heirs of Loyd and Mary Hensley and runs with the land. This Court intends to make no ruling that affects the JRL arbitration action aside from the act of determining the property boundary. If certain Heirs wish to leave the arbitration action, that is a separate matter over which this Court has no jurisdiction.

The Court now addresses the thirteen fully non-compliant Heirs, who are recommended to be dismissed for failure to prosecute under Rule 41.

(1)     DONALD BARGO is a named Defendant. He has made several *pro se* filings in this case. *See, e.g.*, D.E. 438, 539, 540, 541. In a motion filed March 27, 2024, Mr. Bargo asked permission to quitclaim his interest in the property to Nawanna Privett. D.E. 700. He asked to be dismissed as a party and to withdraw "without an opinion concerning the boundary line." *Id.* On April 3, he filed a motion for leave "to Quit Claim to a traceable family member and withdraw[.]" D.E. 704. Then, on May 6, 2024, Mr. Bargo filed a "reply" in which he says he does not understand why HBKY considers him a "non-compliant heir" and he does not know how to "fix" this. D.E. 745.

HBKY's April 17 filing explains that "the fully non-compliant Heirs" are those who "were served with the second round of discovery in the form of additional Interrogatories, Requests for Production, and Requests for Admission," but provided no responses (and many did not attend the discovery meetings). D.E. 725 at 2. Mr. Bargo says he made filings with the Court (D.E. 745), and HBKY reports he attended the January and March discovery meetings (D.E. 753-1 at 2). But there is no indication he responded to these discovery requests. Given that Mr.

Bargo has not provided requested discovery and has asked to be removed from the case, dismissal is appropriate.

(2)    JAMES BARGO is a named Defendant.  He has made several filings.  *See, e.g.*, D.E. 442, 482, 483, 579, 580, 581, 636, 637, 694.  On April 5, he filed a motion seeking leave "to quit claim to a traceable family heir and withdraw . . . without an opinion concerning the boundary line."  D.E. 713.  HBKY reports he attended the January and March 2024 discovery meetings but provided no discovery responses. D.E. 753-1 at 2.  Given he is noncompliant with discovery and has asked to leave the case, dismissal is appropriate.

(3)    BONNIE GLANCY is a named Defendant.  She was previously reported to be in hospice and is now deceased (*see* D.E. 740 at 2; D.E. 742 at 2).  She made several filings in this case, the last of which was a request for leave to quitclaim her interest to another Heir and be dismissed.  D.E. 724.  Dismissal is thus entirely appropriate. Joseph "Chuck" Glancy appears to be her son and appears to have been filing and appearing on her behalf.  *See* D.E. 753-1 at 2.

(4)    ROBYN HARMON is a named Defendant.  She has made several filings with the Court.  D.E. 441, 499, 500.  On April 5, Ms. Harmon filed a motion seeking to be dismissed.  D.E. 715.  Her motion did not mention any quitclaim.  On June 7, Ms. Harmon filed a signed version of the latest proposed Stipulation of Dismissal and Agreement Dismissing.  D.E. 772.  Especially given her clear intention to leave this litigation, dismissal is appropriate.

(5)    GARRY HOGUE is a named Defendant.  Although he has made filings in this case (D.E. 495), he has not done so since February (D.E. 676, 677).  HBKY reports he

12

has provided no discovery and did not attend the discovery meetings.  D.E. 753-1 at 3.  Mr. Hogue appears to have abandoned this litigation.

(6)     MARY HOGUE is a named Defendant.  She has made no filings in this case. HBKY reports she did not respond to discovery requests and did not attend the discovery meetings.  D.E. 753-1 at 3.  "Mary Jo Hogue" is also reportedly deceased. D.E. 656 at 10.

(7)     JOEL LOPEZ is a named Defendant.  He has made no filings in this case.  HBKY reports he did not respond to discovery requests and did not attend the discovery meetings.  D.E. 753-1 at 3.  Since the departure of the Heirs' lawyer, Mr. Lopez has failed to prosecute this case.

(8)     CHARLES NAPIER is a named Defendant.  He has made no filings in this case. HBKY reports he has provided no discovery and did not attend the discovery meetings.  D.E. 753-1 at 3.  Mr. Napier has not been participating in this case since the Heirs' lawyer's withdrawal.

(9)     JEFFREY NAPIER is a named Defendant.  He made one filing in November 2023. D.E. 422.  HBKY says he attended the January discovery meeting but has provided no discovery.  D.E. 753-1 at 3.  Dismissal is appropriate for failure to prosecute.

(10)    DANA WHEELER is a named Defendant.  She has made no filings and reportedly provided no discovery.  She is also reported as deceased.  *See* D.E. 656 at 10.

(11)    PAXTON WHEELER is not a named Defendant, but he appears to have stepped into his late mother Dana Wheeler's place.  He did make some filings in the case last year (D.E. 418, 509, 510) but reportedly did not attend the discovery conferences (D.E. 753-1 at 4).  On April 8, he moved to be dismissed.  D.E. 723.

13

(12)    ERICA WOOD is a named Defendant.  She has made no filings in this case and reportedly provided no discovery and attended neither discovery meeting (D.E. 753-1 at 4).

(13)    ROBERT WOOD is a named Defendant.  He has made no filings in this case and reportedly provided no discovery and attended neither discovery meeting (D.E. 753-1 at 4).

The above thirteen Hensley Heirs are reportedly "fully non-compliant" with discovery and can thus be dismissed under Rule 41.  Twelve of these are named Defendants; three of those twelve are also deceased.  But these thirteen are not the only Hensley Heirs who are subject to dismissal at this juncture.  The following additional seventeen have asked to be dismissed from this case. Construing these requests as statements of intention to abandon this litigation, the Court also recommends that these additional seventeen Heirs be dismissed.

### B.  Additional Heirs Failing to Prosecute

The following seventeen Heirs (numbered 14 to 30) have moved to withdraw or be dismissed from this matter.  The Court interprets these requests as expressing an intention to abandon this litigation and thus at least constructive failure to prosecute.

(14)    LAUREN LOPEZ BOWLING is a named Defendant.  She has made filings in this case.  D.E. 413, 478, 479, 553, 554, 555.  HBKY says she attended the January and March discovery meetings.  D.E. 753-1 at 2.  She is not on HBKY's list of Heirs who provided deficient discovery responses.  D.E. 725 at 2.  Nevertheless, on April 3, she filed a motion for leave to withdraw without an opinion concerning the boundary line.  D.E. 706.

(15)    BRIAN GREGORY BROWN is a named Defendant.  HBKY says he provided initial discovery but failed to supplement.  D.E. 753-1 at 2.  He made several filings in this case.  D.E. 443, 476, 477, 595, 613.  On April 8, Brian Brown filed a motion to be dismissed.  D.E. 720.  He later filed a proposed Stipulation of Dismissal.  D.E. 732.  Judge Van Tatenhove accepted this Stipulation and ordered him, his claims, and the claims against him dismissed with prejudice on May 28.  D.E. 763.  HBKY has moved to have that Order held in abeyance in favor of "a more comprehensive" dismissal order.  D.E. 765.

(16)    STEVEN RANDALL BROWN, a named Defendant, is apparently Brian Brown's brother.  HBKY says he provided initial discovery but failed to supplement.  D.E. 753-1 at 2.  He made several filings in this case.  D.E. 444, 513, 514, 521, 523, 690.  On April 8, Steven Brown filed a motion to be dismissed.  D.E. 722.  He later filed a proposed Stipulation of Dismissal.  D.E. 733.  Judge Van Tatenhove accepted this Stipulation and ordered him, his claims, and the claims against him dismissed with prejudice on May 28.  D.E. 764.  HBKY has moved to have that Order held in abeyance in favor of "a more comprehensive" dismissal order.  D.E. 765.

(17)    JAZ LEE CARAFELLY is a named Defendant.  HBKY says she provided initial discovery but failed to supplement.  D.E. 753-1 at 2.  She attended the January discovery meeting.  *Id.*  She made several filings in this case.  D.E. 436, 493, 494, 568, 569, 571, 648, 649, 684, 685.  On April 4, Jaz Carafelly filed a motion to be dismissed.  D.E. 710.  On May 3, she filed a "Reply" stating her interest in a revised stipulation of dismissal.  D.E. 736.  On June 10, 2024, Jaz Carafelly filed a signed

copy of the new proposed Stipulation of Dismissal. D.E. 777. Given her clear intention to abandon this litigation, dismissal is appropriate.

(18)    SUMMER SUNSHINE CARAFELLY, apparently the sister of Jaz, is a named Defendant. HBKY says she provided initial discovery but failed to supplement. D.E. 753-1 at 2. She attended the January discovery meeting. *Id.* She made several filings in this case. D.E. 437, 503, 504, 562, 563, 564, 622, 623, 682, 683. On April 4, Summer Carafelly filed a motion to be dismissed. D.E. 709. On May 3, she filed a "Reply" stating her interest in a revised stipulation of dismissal. D.E. 737. On June 10, 2024, Summer Carafelly filed a signed copy of the new proposed Stipulation of Dismissal. D.E. 778. Given her clear intention to leave this litigation, dismissal is appropriate.

(19)    LINDA SUE WHOBREY DROLL is a named Defendant. According to HBKY, she provided no discovery but she attended both discovery meetings. D.E. 753-1 at 2. She made several filings in this case. D.E. 447, 507, 508, 536, 537, 538, 618, 619, 660, 661. On April 3, she filed a motion to withdraw, expressing an interest in quitclaiming her interest in the property to another family member who is an heir. D.E. 708; *see also* D.E. 739. On June 3, she made a filing objecting to certain terms in HBKY's original proposed stipulation of dismissal. D.E. 767, 768. She made another filing on June 24, asking to "withdraw from this litigation." D.E. 792. Given that she did not provide discovery and has asked to withdraw, dismissal is appropriate.

(20)    JENNIFER FISCHER is a named Defendant. She has made filings in this case. D.E. 435, 505, 506, 583, 584, 585, 632, 633, 680, 681. HBKY says she attended

the January and March discovery meetings and provided initial discovery. D.E. 753-1 at 2. She is not on HBKY's list of Heirs who provided deficient discovery responses. D.E. 725 at 2. Nevertheless, on April 5, she filed a motion for leave to withdraw without an opinion concerning the boundary line. D.E. 718. On May 6, she filed a Reply, making comments on the proposed Stipulation of Dismissal. D.E. 743. On June 10, 2024, Jennifer Fischer filed a signed copy of the new proposed Stipulation of Dismissal and Agreement Dismissing. D.E. 776. Given her clear intention to abandon this litigation, dismissal is appropriate.

(21) BARKLEY HENSLEY is a named Defendant. He has made filings in this case. D.E. 480, 481, 530, 531, 532, 599, 600, 601, 644, 645. HBKY says he provided initial discovery and attended the two discovery meetings (D.E. 753-1 at 3), but HBKY considers his discovery responses deficient (D.E. 725 at 2). On April 5, he filed a motion for permission to quitclaim his interest in the property to a "traceable Hensley heir family member" and be dismissed. D.E. 719.

(22) JAN SIMPSON HERLITZE is a named Defendant. She has made filings in this case. D.E. 424, 466, 467, 517, 519, 546, 547, 548, 549, 626, 627, 686, 687. HBKY says she attended the January and March discovery meetings and provided initial discovery. D.E. 753-1 at 2. She is not on HBKY's list of Heirs who provided deficient discovery responses. D.E. 725 at 2. On April 4, she moved to moved for leave to quitclaim her property interest to "another traceable Hensley heir family member" and be dismissed. D.E. 711.

(23) AMY LOPEZ is a named Defendant. She has made filings in this case. D.E. 616, 420, 490, 491, 572, 573, 574, 617, 699, 670. HBKY says she provided initial

discovery and attended the two discovery meetings (D.E. 753-1 at 3), but they consider her discovery responses deficient (D.E. 725 at 2). On April 3, she filed a motion for permission to quitclaim her interest in the property to traceable heir and be dismissed. D.E. 705. On May 3, she filed a response to the proposed dismissal stipulations, asking to be dismissed with prejudice. D.E. 738. On May 28, she made a filing describing communications with the opposing attorneys and reiterating that she wishes to be dismissed with prejudice. D.E. 762. On June 6, Ms. Lopez filed a signed Stipulation of Dismissal and Agreement Dismissing. D.E. 770.

(24)    MARISSA LOPEZ is a named Defendant. She has made filings in this case. D.E. 429, 468, 469, 556, 557, 58, 624, 625, 673, 675. HBKY says she provided initial discovery and attended the two discovery meetings (D.E. 753-1 at 3), but HBKY considers her discovery responses deficient (D.E. 725 at 2). On April 3, she filed a motion to withdraw from the case without an opinion on the boundary line. D.E. 703. On June 11, she filed a signed copy of the new Stipulation of Dismissal and Agreement Dismissing. D.E. 779.

(25)    MARY MATTHEWS is a named Defendant. She has made filings in the case. D.E. 421, 474, 475, 518, 533, 534, 535, 542, 638, 639, 664, 665. HBKY says she provided initial discovery and attended the January discovery meeting (D.E. 753-1 at 3), but HBKY considers her discovery responses deficient (D.E. 725 at 2). On April 4, she filed a motion to withdraw from the case without an opinion on the boundary line. D.E. 712. The motion states she wishes to quitclaim her interest in the Hensley property to Nawanna Privett. *Id*.

(26)   SANDRA MCKEE is not a named Defendant.  She has made filings in the case. D.E. 430, 486, 487, 575, 630, 631, 691, 692.  HBKY says she provided initial discovery and attended the January discovery meeting (D.E. 753-1 at 3), but HBKY considers her discovery responses deficient (D.E. 725 at 2).  On April 8, she filed a motion for leave to quitclaim her interest in the property "to another Hensley heir family member" and withdraw from the case without an opinion on the boundary line.  D.E. 721.  She specifically asks to be dismissed "due to health reasons."  *Id.*

(27)   YVONNE NAPIER is a named Defendant.  She has made filings in the case.  D.E. 432, 497, 498, 586, 587, 589, 688, 689, 693.  HBKY says she provided initial discovery and attended the January and March discovery meetings (D.E. 753-1 at 3), but HBKY considers her discovery responses deficient (D.E. 725 at 2).  On April 1, 2024, she filed a motion for leave to quitclaim her interest in the property to Nawanna Privett and be dismissed from the case without an opinion on the boundary line.  D.E. 702.  On April 3, she filed a "corrected" version of the motion that says she wants to quitclaim to Stephanie Fairchild Fister.  D.E. 707.  On May 6, she filed a "Reply," stating she does not know how to respond to the proposed Stipulation of Dismissal.  D.E. 741.

(28)   GABRIELLE WHEELER is not a named Defendant.  She, along with Paxton Wheeler (a "fully noncompliant Heir") and Zachary Wheeler, are apparently the children of the deceased Dana Wheeler.  She has made filings in the case.  D.E. 409, 462, 463, 576, 577, 578, 620, 621.  HBKY says she provided initial discovery and attended the January and March discovery meetings (D.E. 753-1 at 3), but

HBKY considers her discovery responses deficient (D.E. 725 at 2). On April 5, she moved to be dismissed without an opinion on the boundary line. D.E. 714.

(29)    RONALD WHOBREY is a named Defendant. He has made filings in the case. D.E. 456, 464, 465, 592, 593, 594, 628, 629, 666, 667. HBKY says he provided initial discovery and attended the January and March discovery meetings (D.E. 753-1 at 3), but HBKY considers his discovery responses deficient (D.E. 725 at 2). On April 5, Mr. Whobrey moved for leave to quitclaim his property interest to "another traceable Hensley heir family member" and be dismissed. D.E. 716. He noted in his motion that HBKY had asked the Heirs to "redo" their interrogatories "or face possible sanctions." Mr. Whobrey said he lacks the time and skills to do so. *Id*. On May 6, he filed a reply stating he considered it premature to sign the Stipulation of Dismissal while his earlier withdrawal motion remains pending. D.E. 746. On June 4, Mr. Whobrey made another filing objecting to terms of HBKY's proposals for stipulated dismissal. D.E. 769. He made another filing on June 24, asking to be dismissed but objecting to the opposing parties' proposed terms. D.E. 790.

(30)    JACK WOOD, JR. is a named Defendant. He has made filings in the case. D.E. 434, 501, 502, 543, 544, 545, 634, 635, 678, 679. HBKY says he provided initial discovery and attended the January discovery meeting (D.E. 753-1 at 3), but HBKY considers his discovery responses deficient (D.E. 725 at 2). On April 5, he filed a motion seeking to be dismissed and asking whether a quitclaim would be helpful. D.E. 717. On May 6, he filed a reply objecting to dismissal without prejudice, but stating he would sign an appropriately revised Stipulation of Dismissal. D.E. 744.

20

The above seventeen Heirs should also be dismissed with prejudice under Rule 41. To the extent that any of them are titleholders to the Hensley property and thus necessary parties, they have had full notice of this action and opportunity to respond. But they have expressed their intention to not see the quiet-title action through to its conclusion.

### C.  Remaining Heirs

If the Court dismisses all the Heirs who have moved to be dismissed and all the Heirs who are fully noncompliant with discovery (there is overlap between these groups), then nine Heirs remain. Four of these are the ones HBKY refers to as the Respondent Heirs—Nawanna Privett, Stephanie Fister, Jennifer Griffith, and William Fister. *See* D.E. 725 at 2-3. The other five are as follows:

(31)    JOSEPH C. "CHUCK" GLANCY is not a named Defendant. He made filings in the case up until January. D.E. 445, 484, 485, 565, 566, 567. He is believed to be the son of the late Bonnie Glancy, a named Defendant. He has not moved to be dismissed. HBKY does not include him in the lists of fully or partially noncompliant Heirs. D.E. 725 at 2. But HBKY's chart (D.E. 753-1 at 2) does not indicate he provided discovery. According to the chart, he did attend the March discovery meeting. *Id.* Joseph Glancy was never made a full party to the case, though he has a pending motion to be named as Heir (D.E. 565). Given the ambiguity of his status and the lack of participation in the case aside from attending the March discovery meeting, the Court will recommend that he be **dismissed for failure to prosecute**. If Mr. Glancy wishes to remain in this case, he should file an appropriate objection to this Recommended Disposition.

21

(32)     THERESA NEWELL is not a named Defendant.  She is believed to be the daughter of the late Mary Hogue.  She made a single filing in the case after counsel withdrew. D.E. 414.  Next to her signature, she wrote, "Mother; Mary Jo Hogue / Deceased, I am only living heir."  *Id*. at 3.  HBKY does not include her in the lists of fully or partially noncompliant Heirs. D.E. 725 at 2.  And HBKY's chart (D.E. 753-1 at 2) does not indicate she provided discovery.  Ms. Newell never moved to be added to this case.  Given that she made only a single filing (back in November 2023), the Court recommends she be **dismissed for failure to prosecute**.  If Ms. Newell wishes to remain in this case, she should file an appropriate objection to this Recommended Disposition

(33)     ZACHARY WHEELER is not a named Defendant.   He is believed to be the daughter of the late Dana Wheeler.  He has made several filings in this case, the latest being in February.  D.E. 419, 488, 489, 650, 651.  HBKY includes him in the list of Heirs with "deficient" discovery responses.  D.E. 725 at 2.  HBKY's chart (D.E. 753-1 at 2) indicates he provided initial discovery and attended the January and March discovery meetings.  Mr. Wheeler never moved to be added to this case. He has not challenged the assertion that his discovery responses are deficient. Given the ambiguity of his status, the Court will recommend that he be **dismissed for failure to prosecute**.  If Mr. Wheeler wishes to remain in this case, he should file an appropriate objection to this Recommended Disposition.

(34)     CHARYSE KIRBY is not a named Defendant.  Nor has she made any filings in this case.  She is believed to be a daughter of the late Bonnie Glancy.  HBKY says she attended the January discovery meeting and has provided initial discovery.

D.E. 753-1 at 4 (chart). HBKY lists her among the Heirs providing deficient discovery responses. D.E. 725 at 2. Assuming she might be a title holder and thus necessary party to the quiet title action, the record indicates she has adequate notice of this case. Given she is a non-party who has made no filings in this case, the Court does not recommend dismissal as this would be a meaningless gesture. The Court simply finds that she has been given adequate notice under *Gilland*.

(35)   BECKY BREEZE, like Ms. Kirby is not a named Defendant; nor has she made any filings in this case. She, like Ms. Kirby, is believed to be a daughter of the late Bonnie Glancy. HBKY says Ms. Breeze served a discovery response for Bonnie Glancy using her own email. D.E. 753-1 at 4 (chart). Given she is a non-party who has made no filings in this case, the Court does not recommend dismissal as this would be a meaningless gesture. The Court simply finds that Ms. Breeze has been given adequate notice under *Gilland*.

Accordingly, of the above five Heirs, the Court recommends that three be dismissed and simply observes that the other two, who are non-parties who made no filings in this case, have been provided adequate notice of the quiet-title action. In conclusion, the Court's recommendation is that this case proceed without the above 35 purported Hensley Heirs.

As noted, HBKY has requested dismissal of various Heirs as a discovery sanction under Rule 37. The Court here makes clear that the dismissals discussed herein are under Rule 41 because, on its face, Rule 37(b)(2)(A) requires lack of compliance with "an order to provide or permit discovery." HBKY never moved to compel discovery, and there is no order from the Court compelling discovery. Accordingly, Rule 41's failure-to-prosecute provision is a more appropriate vehicle for dismissing these Heirs than Rule 37.

### D.  The Four Respondent Heirs

The only remaining Heirs who have not yet been discussed are the ones HBKY refers to as the Four Respondent Heirs.  D.E. 725.  They are as follows:

(1)    NAWANNA PRIVETT is a named Defendant.  She has made numerous filings in this case since counsel withdrew, including recent motions related to determining the property boundary.  *E.g.*, D.E. 364, 410, 457, 458, 524, 525, 526, 596, 597, 642, 643, 658, 659, 730, 742, 754, 755, 756, 761, 771, 784, 786, 791.  She and her daughter Stephanie Fister initially sought to act as representatives for the Heirs. D.E. 376, 377, 380.

(2)    JENNIFER GRIFFITH is a named Defendant.  She has made numerous filings in this case, including recent motions related to the property boundary.  *E.g.*, D.E. 431, 470, 471, 550, 551, 552, 646, 647, 671, 672, 731, 773, 774, 775, 780.

(3)    STEPHANIE FAIRCHILD FISTER is not a named Defendant.  She has provided records establishing that she is the daughter of Nawanna Privett and mother of William Fister.  Among the documentation is a grant deed from September 2023 in which Nawanna Privett transfers a portion of her interest in the Hensley property to herself, Stephanie Fister, and William Fister.  D.E. 699.

Ms. Fister has made numerous filings.  *E.g.*, D.E. 411, 459, 460, 527, 528, 529, 640, 641, 656, 657, 699, 728, 729, 740, 757, 758, 759, 760, 771, 784.  She and Nawanna Privett at one point sought to act as representatives for the Heirs.  D.E. 376, 377, 380.  No other Heir has called into question her status as a fellow Heir.

HBKY previously indicated a willingness to move to add any necessary parties to this case.  D.E. 696.  Given that Ms. Fister appears to be a necessary party

who wishes to participate and who apparently intends to comply with discovery obligations, the Court invites HBKY to move to add her as a Defendant. In doing so, HBKY should feel free to flag any potential standing issues for the Court.

(4)  WILLIAM DESHA FISTER III is not a named Defendant. He has made a few filings in this case. D.E. 496, 590, 591. As noted above, documentation filed in the record under seal indicates he is the descendant of Defendant Nawanna Privett and her daughter Stephanie Fister and is a title holder to a portion of the Hensley property. D.E. 699. Given that Mr. Fister appears to be a necessary party who wishes to participate and who apparently intends to comply with discovery obligations, the Court invites HBKY to move to add him as a Defendant.

Barring successful objections, it is the Court's expectation at this point that Count VII's boundary dispute can move forward with the Four Respondent Heirs as the only Hensley Heirs remaining active in the case—assuming HBKY moves to add Stephanie Fister and William Fister as Defendants. After the District Judge rules on this Recommended Disposition, the case should be able to proceed to evaluation of its merits. Doing so will also involve ruling on various pending evidentiary motions and pending motions related to the merits of the boundary dispute.

## III. Requests for Admissions

On April 18, 2024, the undersigned entered an order denying a previous motion of HBKY for discovery sanctions. D.E. 727. HBKY had moved that all requests for admissions sent to the Hensley Heirs be deemed admitted because none of the Heirs' responses were timely. At the time, the record indicated that some Heirs had made tardy responses to those requests for admissions, perhaps based on a miscommunication during the January 12 discovery conference. *Id*. Balancing the applicable equitable factors, the Court in its discretion deemed the Heirs' February 1, 2024

25

responses to be timely and denied HBKY's motion that those requests for admissions be deemed admitted. *Id*.

On May 1, HBKY filed objections to that Order. D.E. 734, 735. Those objections are of course before Judge Van Tatenhove. But they are worth mentioning because if Judge Van Tatenhove adopts this recommendation and dismisses all but four of the Hensley Heirs, then the requests-for-admissions matter becomes moot as to the dismissed Heirs.

HBKY's objections contain a renewed motion that the requests be deemed admitted, *see* Docket Entry 735. Given that the "renewed motion" is combined with objections, it would not be appropriate for the undersigned to rule on it. But the undersigned will recommend that the "renewed motion" be denied without prejudice to refiling in a matter that limits the scope to the Four Respondent Heirs.

## IV. Conclusion

For the reasons discussed above, the undersigned hereby **RECOMMENDS AS FOLLOWS:**

(1)    That the Hensley Heirs listed below be **DISMISSED** from this action with prejudice as claimants/counter-claimants and without prejudice as defendants and relieved of all further obligation as parties to this action. To the extent these Heirs are necessary parties under *Gilland v. Dougherty*, 500 S.W.3d 217, 222-25 (Ky. Ct. App. 2016), *as modified* (Aug. 26, 2016), they have been provided adequate notice of, and opportunity to participate in, this action. Any dismissed Heirs who are title holders to the Hensley property will nevertheless be bound by this Court's *future* ruling on the property boundary dispute. These dismissals are in no way a determination of the property boundaries. The Court's understanding, based on

26

recent filings, is that the only Hensley Heirs remaining active in this case are Nawanna Privett, Jennifer Griffith, Stephanie Fister, and William Fister. HBKY is invited to promptly move to name Stephanie Fister and William Fister as Defendants in this action. The Heirs to be dismissed:

1. Bargo, Donald
2. Bargo, James
3. Bowling, Lauren
4. Brown, Brian
5. Brown, Steven
6. Carafelly, Jaz
7. Carafelly, Summer
8. Droll, Linda
9. Fischer, Jennifer
10. Glancy, Bonnie
11. Glancy, Joseph
12. Harmon, Robyn
13. Hensley, Barkley
14. Herlitze, Jan
15. Hogue, Garry
16. Hogue, Mary
17. Lopez, Amy
18. Lopez, Joel
19. Lopez, Marissa
20. Matthews, Mary
21. McKee, Sandra
22. Napier, Charles
23. Napier, Jeffrey
24. Napier, Yvonne
25. Newell, Theresa
26. Wheeler, Dana
27. Wheeler, Gabrielle
28. Wheeler, Paxton
29. Wheeler, Zachary
30. Whobrey, Ronald
31. Wood, Erica
32. Wood, Jack, Jr.
33. Wood, Robert

(2)   That various Heirs' motions and stipulations to withdraw be **DENIED AS MOOT**.

These motions are at Docket Entries 700 & 704 (Donald Bargo), 702 & 707

(Yvonne Napier), 703 (Marissa Lopez), 705 (Amy Lopez), 706 (Lauren Bowling), 708 (Linda Droll), 709 (Summer Carafelly), 710 (Jaz Carafelly), 711 (Jan Herlitze), 712 (Mary Matthews), 713 (James Bargo), 714 (Gabrielle Wheeler), 715 (Robyn Harmon), 716 (Ronald Whobrey), 717 (Jack Wood Jr.), 718 (Jennifer Fischer), 719 (Barkley Hensley), 720 (Brian Brown[2]), 721 (Sandra McKee), 722 (Steven Brown[3]), 723 (Paxton Wheeler), and 724 (Bonnie Glancy).

(3)     That HBKY's renewed motion requesting that admissions be deemed admitted (embedded in objections to a prior order), D.E. 735, be **DENIED WITHOUT PREJUDICE**.  If the above 33 Heirs are dismissed, the motion/objections can be refiled in a manner narrowed to the remaining Heirs.

Further, **IT IS HEREBY ORDERED THAT:**

(1)     HBKY's motion for a telephonic hearing (D.E. 753) is **DENIED** without prejudice **AS MOOT**.  The issues raised therein are largely addressed by this Recommended Disposition.

(2)     HBKY's motion to show cause (D.E. 453) is **DENIED** without prejudice **AS MOOT**.  This motion called for the individual Heirs to prove their legal standing and status as heirs of the Hensley Property.  If this recommendation is adopted and if additional relief is warranted, then HBKY may refile the motion in a manner narrowed to the remaining Heirs.

---

[2] Judge Van Tatenhove granted (D.E. 763) Brian Brown's proposed stipulation of dismissal (D.E. 732), but HBKY has moved to delay that entry of dismissal (D.E. 765).  If Brown is dismissed for failure to prosecute, HBKY's motion becomes moot.

[3] Judge Van Tatenhove granted (D.E. 764) Steven Brown's proposed stipulation of dismissal (D.E. 733), but HBKY has moved to delay that entry of dismissal (D.E. 765).  If Brown is dismissed for failure to prosecute, HBKY's motion becomes moot.

Any objection to this recommendation must be asserted in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 25th day of June, 2024.

**Signed By:**

*Hanly A. Ingram*

**United States Magistrate Judge**