UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| HBKY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 6:21-cv-00101-GFVT-HAI |
| | ) | |
| v. | ) | |
| | ) | |
| KINGDOM ENERGY RESOURCES, LLC, | ) | **ORDER** |
| *et al.*, | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon a Report and Recommendation filed by United States Magistrate Judge Hanly Ingram. [R. 793.] Judge Ingram's Report considers numerous motions and filings related to a group of individuals known as the "Hensley Heirs." The Hensley Heirs became pertinent to this case after Plaintiff HBKY, LLC filed its Amended Complaint, which asked the Court for a declaratory judgment and to quiet title "with respect to the Hensley Heirs." [R. 122.] According to HBKY, the Hensley Heirs have a coal lease with Defendant JRL Coal, but the Heirs and JRL Coal apparently dispute the boundaries of the Heirs' property. HBKY alleges that this boundary dispute clouds title to a particular piece of property known as the "Brookside" property.

The Heirs, originally represented by counsel, filed their own counterclaim against HBKY in March 2022. But in June 2023, counsel for the Heirs withdrew. Since then, numerous Heirs have participated *pro se*. As Judge Ingram noted, some of these persons participating are different from the 29 original Heirs named by HBKY as Defendants. [R. 793 at 2.] In a previous Order, Judge Ingram discussed the situation at its then-state, and noted that to quiet title

in Kentucky, joinder of all necessary parties is required. [R. 613.] Relying on *Gilland v. Dougherty*, 500 S.W.3d 217 (Ky. Ct. App. 2016), Judge Ingram explained in his report that the "the plaintiff's burden in a quiet title action to prove ownership and possession of the land cannot be satisfied while other non-parties have a claim to ownership." [R. 793 at 2.] Judge Ingram explained that the same reasoning applies to a declaratory-judgment action concerning a property boundary. *Id*. Thus, in his previous Order, Judge Ingram directed HBKY to submit a report on whether all necessary parties have been joined for the purpose of ruling on Count Seven of the Amendment Complaint. [R. 613 at 9-10.]

On March 12, 2024, HBKY filed a Report on Joinder of Hensley Heirs. [R. 696.] Judge Ingram noted that in addition to HBKY's Report and attachments, the Court has a "wealth of information in the record," which includes numerous exhibits, including deeds, wills, affidavits, birth certificates, and death certificates filed by the Heirs. [R. 793 at 3.] Following HBKY's March 12 filing, many of the Heirs moved to withdraw and/or be dismissed. On May 16, 2024, HBKY filed a chart detailing which of the Heirs have filed versions of the First, Second, Third, and Fourth Common Motions, which Heirs have attended discovery meetings, which Heirs have served discovery responses, and which Heirs have moved to withdraw.[1] [R. 753-1.]

Having a "wealth of information" at his disposal, Judge Ingram filed the instant Report and Recommendation to address HBKY's and JRL Coal's assertion that certain Heirs ought to be dismissed for discovery violations and/or failure to prosecute. [R. 793 at 3-4.] In relation to the Heirs, Judge Ingram makes two primary recommendations.

First, Judge Ingram recommends that certain Heirs be dismissed for a failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). He first analyzed a group of thirteen Heirs

---

[1] Judge Ingram's Report notes that HBKY's chart is consistent with the Court's tracking of the Heirs.

2

referred to as "Fully Non-Compliant Heirs." *Id*. at 10.  Judge Ingram made a preliminary observation that several of the thirteen fully non-compliant Heirs have filed motions stating an intention to quitclaim their interest in the Hensley property to another Heir.  *Id*.  Judge Ingram interpreted those filings "as stating an *intention* to quitclaim to facilitate resolution of the case, but not asserting that such a transfer of title has already been finalized." *Id*. (emphasis in original).  Judge Ingram made clear that the dismissal recommendations are in no way dependent on any past or future quitclaims, and that any Heir who quitclaims his or her full interest in the Hensley property to another Heir would lose his or her legal interest and standing in this litigation.  *Id*.  Judge Ingram also addressed HBKY's and JRL Coal's revised proposed Stipulation of Dismissal and Agreement Dismissing, and clarified that that the recommended dismissals should be with prejudice as to each dismissed Heirs' claims and counterclaims.  *Id*.  Essentially, Judge Ingram expressed the Court's intention to move forward with the "remaining Heirs" to resolve the boundary dispute by a Court Order that is binding upon all the Heirs of Loyd and Mary Hensley and runs with the land.  *Id*. at 11.  Judge Ingram made clear that the Court's ruling would not affect the separate JRL Coal arbitration action aside from the act of determining the property boundary and that if certain Heirs wish to leave the arbitration action, that is a separate matter.  *Id*.

With respect to the thirteen fully non-compliant Heirs, Judge Ingram addressed each Heir individually, examining each Heir's filings in the record and whether each individual was compliant with discovery.  *Id*. at 11-14.  Judge Ingram concluded that Donald Bargo, James Bargo, Bonnie Glancy, Robyn Harmon, Garry Hogue, Mary Hogue, Joel Lopez, Charles Napier, Jeffrey Napier, Dana Wheeler, Paxton Wheeler, Erica Wood, and Robert Wood are "fully non-compliant" with discovery and can be dismissed pursuant to Rule 41.  *Id*.  Judge Ingram also

3

determined that Dana Wheeler, Mary Hogue, and Bonnie Glancy are deceased. *Id*. at 12-14.

Judge Ingram also analyzed a group of seventeen Heirs referred to as "Additional Heirs Failing to Prosecute." *Id*. at 14. Like he did with the fully non-compliant group, Judge Ingram addressed each Heir individually, examining each Heir's filings in the record and whether each Heir had complied with discovery. He concluded that many of these Heirs had either abandoned the litigation entirely or moved to withdraw from the case. *Id*. at 14-20. He observed that some of the Heirs in this group had also signed a copy of the revised Stipulation of Dismissal and Agreement Dismissing. *Id*. at 14-20. Ultimately, Judge Ingram concluded that Lauren Lopez Bowling, Brian Gregory Brown, Steven Randall Brown, Jaz Lee Carafelly, Summer Sunshine Carafelly, Linda Sue Whobrey Droll, Jennifer Fischer, Barkley Hensley, Jan Simpson Herlitze, Amy Lopez, Marissa Lopez, Mary Matthews, Sandra McKee, Yvonne Napier, Gabrielle Wheeler, Ronald Whobrey, and Jack Wood, Jr. should also be dismissed with prejudice pursuant to Rule 41. *Id*. at 14-21. Judge Ingram found that, to the extent that any of these individuals are titleholders of the Hensley property and thus necessary parties, they have had full notice of this action and opportunity to respond. *Id.* at 21. But he found that each has expressed their intention to not see the quiet-title action through to its conclusion. *Id.*

Judge Ingram's second primary recommendation related to a group of individuals referred to as the "Remaining Heirs." *Id*. at 21. Judge Ingram distinguishes these nine individuals into two groups. There are the "Respondent Heirs"—Nawanna Privett, Stephanie Fister, Jennifer Griffith, and William Fister—and a group of five individuals consisting of Joseph Glancy, Theresa Newell, Zachary Wheeler, Charyse Kirby, and Becky Breeze. Judge Ingram recommends that out of the latter group, Joseph Glancy, Theresa Newell, and Zachary Wheeler be dismissed for failure to prosecute. *Id*. at 21-22. He noted that if any of these three wished to

4

remain in this case, that they would have an opportunity to file an objection to the Report and Recommendation. The Court notes for the record that neither Mr. Glancy, Ms. Newell, nor Mr. Wheeler has filed a timely objection. In regard to Misses Kirby and Breeze, Judge Ingram found that neither is a named Defendant, nor have they made any filings in this case. But, given that each is a non-party who has made no filings in this case, Judge Ingram does not recommend dismissal as it would be a meaningless gesture. *Id*. at 23. He simply found that Misses Kriby and Breeze have been given adequate notice under *Gilland*. *Id*.

Regarding the four "Respondent Heirs," Judge Ingram addressed each Heir individually, examining each Heir's filings in the record and whether each Heir had complied with discovery. *Id*. at 24-25. He found that Nawanna Privett and Jennifer Griffith are named Defendants that have each made numerous filings in this case. *Id*. at 24. Judge Ingram also found that Stephanie Fairchild Fister and William Desha Fister III are not named Defendants, but that each appears to be a necessary party who wishes to participate and who apparently intends to comply with discovery obligations. *Id*. at 24-25. Thus, he invited HBKY to move to add the Fisters as Defendants. *Id*. at 24-25. Altogether, Judge Ingram recommended that Count Seven move forward with these four Respondent Heirs—assuming HBKY moves to add Stephanie and William Fister as Defendants—as the only Hensley Heirs actively remaining in the case. *Id*. at 25.

In addition to the status of the Hensley Heirs, Judge Ingram also considered HBKY's renewed request for admissions. *Id*. at 25-26. Judge Ingram recommends that that "renewed motion" be denied without prejudice, and to invite HBKY to refile in a matter that limits the scope of its requested admissions to the Four Respondent Heirs. *Id*. at 26.

Generally, this Court must make a *de novo* determination of those portions of a

5

recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Here, Jennifer Griffith, Nawanna Privett, and Stephanie Fister filed nearly identical responses to Judge Ingram's Report. [R. 814; R. 817; R. 820.] The responses are styled primarily as motions, which request that the Court require HBKY and JRL Coal's surveyors to reevaluate their survey, and to consider 13 missing deeds, pertinent lines from three patents, and the impact of a 1912 case called the "Pennington Case." [*See* R. 814; R. 817; R. 820.] To the extent that they respond directly to Judge Ingram's Report and Recommendation, the Heirs iterate their belief that *Gilland* is "not relevant to this boundary dispute because the Hensley Heirs are known and they signed a coal mining lease agreed upon by JRL Coal Inc. on February 19. 2019." [R. 814 at 5; R. 817 at 5; R. 820 at 5.] Essentially, the Heirs agree that "a crucial ingredient to an action to quiet title or establish a property boundary is joinder of all necessary parties", but they disagree with the relevance of the case because the boundary dispute in *Gilland* is distinguishable. [R. 814 at 5; R. 817 at 5; R. 820 at 5.] They request that the Court not dismiss them until they have had their chance to share their evidence "in hopes of receiving a fair ruling enforcing the validity of 13 correction deeds filed in the Harlan County Courthouse from 1907-1914." [R. 814 at 5; R. 817 at 5; R. 820 at 5.]

The Court notes two things. First, the Court is not applying *Gilland*, at least not yet, to the circumstances of the boundary dispute between the Hensley Heirs and JRL Coal. Rather, the

6

Court is only relying on *Gilland* for the notion, which the Heirs agree with, that all necessary parties need to be joined to quiet title on the Brookside property. Second, Judge Ingram is not recommending dismissal of all of the Hensley Heirs; he is only recommending dismissal of the Hensley Heirs who have failed to meaningly participate in this litigation, or who have otherwise indicated their desire to be dismissed from the case altogether. Thus, the participating Heirs—as is turns out, the very Heirs that filed their response to Judge Ingram's Report—will have their chance to present their evidence at the merits stage.

With no other objections or responses having been filed, and the time to do so having expired, the Court finds no reason to disturb Judge Ingram's disposition. Having considered the record nonetheless, the Court ultimately agrees with Judge Ingram's well-reasoned recommendations. Accordingly, and the Court being otherwise sufficiently advised it is hereby **ORDERED** as follows:

1. Magistrate Judge Ingram's Recommended Disposition [**R. 793**] is **ADOPTED** by and for the Opinion of the Court;

2. The following Hensley Heirs **SHALL** be **dismissed** from this action with prejudice as claimants/counter-claimants and without prejudice as defendants and relieved of all further obligation as parties to this action:

    i. Bargo, Donald

    ii. Bargo, James

    iii. Bowling, Lauren

    iv. Brown, Brian

    v. Brown, Steven

    vi. Carafelly, Jaz

    vii.    Carafelly, Summer

   viii.    Droll, Linda

    ix.    Fischer, Jennifer

     x.    Glancy, Bonnie

    xi.    Glancy, Joseph

    xii.    Harmon, Robyn

   xiii.    Hensley, Barkley

   xiv.    Herlitze, Jan

    xv.    Hogue, Garry

   xvi.    Hogue, Mary

   xvii.    Lopez, Amy

  xviii.    Lopez, Joel

   xix.    Lopez, Marissa

    xx.    Matthews, Mary

   xxi.    McKee, Sandra

   xxii.    Napier, Charles

  xxiii.    Napier, Jeffrey

  xxiv.    Napier, Yvonne

   xxv.    Newell, Theresa

  xxvi.    Wheeler, Dana

  xxvii.    Wheeler, Gabrielle

 xxviii.    Wheeler, Paxton

  xxix.    Wheeler, Zachary

    xxx.    Whobrey, Ronald

    xxxi.    Wood, Erica

    xxxii.    Wood, Jack, Jr.

    xxxiii.    Wood, Robert

b. To the extent these Heirs are necessary parties under *Gilland v. Dougherty*, 500 S.W.3d 217, 222-25 (Ky. Ct. App. 2016), *as modified* (Aug. 26, 2016), they have been provided adequate notice of, and opportunity to participate in, this action. Any dismissed Heirs who are title holders to the Hensley property will nevertheless be bound by this Court's future ruling on the property boundary dispute. These dismissals are in no way a determination of the property boundaries.

c. Based on Judge Ingram's Report, the Court's understanding is that the only Hensley Heirs remaining active in this case are Nawanna Privett, Jennifer Griffith, Stephanie Fister, and William Fister.

d. HBKY is invited to promptly move to name Stephanie Fister and William Fister as Defendants in this action.

3. The following motions and stipulations to withdraw are **DENIED as** moot;

    a. **[R. 700]** and **[R. 704]** (Donald Bargo)

    b. **[R. 702]** and **[R. 707]** (Yvonne Napier)

    c. **[R. 703]** (Marissa Lopez),

    d. **[R. 705]** (Amy Lopez)

    e. **[R. 706]** (Lauren Bowling),

    f. **[R. 708]** (Linda Droll)

    g. **[R. 709 ]** (Summer Carafelly)

    h. **[R. 710]** (Jaz Carafelly)

    i. **[R. 711]** (Jan Herlitze)

    j. **[R. 712]** (Mary Matthews)

    k. **[R. 713]** (James Bargo)

    l. **[R. 714]** (Gabrielle Wheeler)

    m. **[R. 715]** (Robyn Harmon)

    n. **[R. 716]** (Ronald Whobrey)

    o. **[R. 717]** (Jack Wood Jr.)

    p. **[R. 718]** (Jennifer Fischer)

    q. **[R. 719]** (Barkley Hensley)

    r. **[R. 720]** (Brian Brown)

    s. **[R. 721]** (Sandra McKee)

    t. **[R. 722]** (Steven Brown)

    u. **[R. 723]** (Paxton Wheeler)

    v. **[R. 724]** (Bonnie Glancy)

4. HBKY's renewed motion [**R. 735**] requesting that admissions be deemed admitted is **DENIED without prejudice** with leave to refile; and

5. HBKY's Motion to Delay the Entry of Dismissal for Brian and Steven Brown [**R. 765**] is **DENIED as moot.**

This the 21st day of August 2024.

Gregory F. Van Tatenhove
United States District Judge