UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| HBKY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:21-CV-101-GFVT-HAI |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | & ORDER |
| CUMBERLAND-HARLAN | ) | |
| EXPLORATION CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On August 8, 2022, District Judge Van Tatenhove entered default judgment against Defendant Cumberland-Harlan Exploration Corp. ("CHEC"). D.E. 259. Judge Van Tatenhove also referred to the undersigned "the determination of the amount of [Plaintiff HBKY's] money judgment." *Id*. On March 16, 2026, Plaintiff HBKY filed a motion for determination of damages and entry of final judgment against CHEC. D.E. 1142. CHEC has never entered an appearance in this matter and has responded to no motion. HBKY's motion thus stands unopposed. The six-page motion is accompanied by an affidavit of Plaintiff's counsel Greg Mitchell, with supporting documentation.

## I. Damages

HBKY first asks the Court to award damages in the amount of $101,159.37. Here, on account of the default judgment, CHEC's liability is established and the facts pleaded in the operative complaint must be taken as true. *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007). HBKY's First Amended Complaint alleges that CHEC is contractually obligated to pay certain royalties as defined therein. D.E. 122 at 2-3. The

1

affidavit, accompanying exhibits, and referenced filings (D.E. 122-5; D.E. 1142-1) adequately establish that the total royalties owed by CHEC amount to $101,159.37. This includes a check in the amount of $759.85 that was mistakenly paid to CHEC by Mountain V after termination of CHEC's interest in the lease. *Id*.

"Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not[.] Thus, "'[d]amages must be proved unless they are liquidated or capable of calculation.'" *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (quoting *Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 253 (7th Cir. 1990)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). When "the amount of damages can be determined from the pleadings, affidavits and submissions by the parties, the Court need not hold a separate hearing on damages and may enter judgment on damages based on the record." *Great Plains Servs., Inc. v. K-VA-T Food Stores, Inc.*, No. 7:05-CV-56-ART, 2008 WL 3077873, at *1 (E.D. Ky. Aug. 4, 2008) (collecting cases to this effect). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944).

Whether damages are liquidated is not always clear, but generally "liquidated" means "made certain or fixed by agreement of parties or by operation of law.'" *Nucor*, 812

S.W.2d at 141 (quoting *Black's Law Dictionary* 930 (6th ed. 1990)).[1]   In contrast, "unliquidated" damages are damages "which have not yet been determined or calculated" or are "not yet reduced to certainty in respect to amount."  *Id*. (quoting *Black's* at 1537).

"Liquidated damages" can be defined as "those damages which are reasonably ascertainable at the time of the breach, measurable by a fixed or established external standard, or by a standard apparent from the documents upon which plaintiffs based their claim."  *Ramada Dev. Co. v. U. S. Fid. & Guar. Co.*, 626 F.2d 517, 525 n.11 (6th Cir. 1980); *see also G.D. Deal Holdings, Inc. v. Cincinnati Ins. Co.*, No. 1:05-CV-3-TBR, 2007 WL 3306109, at *2 (W.D. Ky. Nov. 6, 2007) (applying this definition in a federal case in Kentucky).  "[T]he key issue is whether the amount is fixed as between the parties to the litigation either by agreement or operation of law."  *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.*, 598 F.3d 257, 276 (6th Cir. 2010).  "[I]n determining if a claim is liquidated or unliquidated, one must look at the nature of the underlying *claim,* not the final award."  *3D Enterprises Contracting Corp. v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 174 S.W.3d 440, 450 (Ky. 2005).

These damages claimed by HBKY as to CHEC are liquidated and calculable from the record.  Given the default judgment and the allegations in the First Amended

---

[1] As one authority defines them:

> "Liquidated damages" are a set amount of money, or a certain formula, expressly stipulated in a contract as the amount of damages to be paid by a party that breaches the agreement. Liquidated damages can also be defined as the amount which has been ascertained by judgment or by specific agreement of the parties or which are susceptible of being made certain by mathematical calculation from known factors. The amount must be stipulated and agreed upon by the parties at the time the contract is entered and compensate for injuries in the event of contract breach.

> Damages are "liquidated" when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation, or by application of definite rules of law.

22 Am. Jur. 2d Damages § 504.

Complaint, taken as true, the damages are fixed by operation of law.  No hearing is needed. Liquidated damages in the amount of $101,159.37 are established by the terms of the First Amended Complaint (D.E. 122), its accompanying exhibits, and the motion (D.E. 1142) and accompanying exhibits.

## II.  Pre-judgment Interest

HBKY's second request is for pre-judgment interest on the liquidated damages discussed above in Part I.  D.E. 1142 at 4.

"In diversity cases in this Circuit, federal law controls postjudgment interest but state law governs awards of prejudgment interest."  *F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000).  A determination of pre-judgment interest is "a matter of substantive state law."  *Diggs v. Pepsi-Cola Metro. Bottling Co.*, 861 F.2d 914, 924 (6th Cir. 1988).  Under Kentucky law, "The legal rate of interest is eight percent (8%) per annum."  Ky. Rev. Stat. Ann. § 360.010.  "Absent a contractually agreed upon rate, the appropriate rate of interest is governed by [KRS § 360.010]."  *Reliable Mech., Inc. v. Naylor Indus. Servs., Inc.*, 125 S.W.3d 856, 857 (Ky. Ct. App. 2003).  No contractually agreed upon rate is evident here.

When damages are "liquidated," pre-judgment interest "follows as a matter of course."  *Nucor Corp. v. Gen. Elec. Co.*, 812 S.W.2d 136, 141 (Ky. 1991).  Thus, when damages are liquidated, a successful plaintiff in Kentucky is "entitled to interest at the legal rate of eight percent (8%) per annum."  *Poundstone v. Patriot Coal Co.*, 485 F.3d 891, 903 (6th Cir. 2007) (quoting *Pursley v. Pursley,* 144 S.W.3d 820, 828 (Ky. 2004)).  Stated a bit more precisely, "if damages are both undisputed and liquidated, prejudgment interest is payable as a matter of law.  However, if the damages are either disputed or unliquidated,

or both, then the decision as to whether prejudgment interest is due is left to the sound discretion of the trial court." *Barnett v. Hamilton Mut. Ins. Co. of Cincinnati, Ohio*, No. 2009-CA-2234-MR, 2011 WL 43307, at *4 (Ky. Ct. App. Jan. 7, 2011); *see also Denzik v. Denzik*, No. 2004-CA-944-MR, 2006 WL 3107110, at *3 (Ky. Ct. App. Nov. 3, 2006) (using identical language). "Interest should not be *required* except for a claim which is for a liquidated amount, and which is not disputed in good faith." *Wittmer v. Jones*, 864 S.W.2d 885, 891 (Ky. 1993) (emphasis added).

Here, the damages are liquidated and undisputed. Accordingly, HBKY is entitled to pre-judgment interest as a matter of law.

The next question is the date upon which to calculate the beginning of this 8% interest. As the records establish, the $101,159.37 consists of royalty payments made to CHEC, which CHEC should have (immediately?) remitted to HBKY. In other words, the $101,159.37 consists of a series of checks written over a discreet period of time. Ostensibly, the interest should accrue beginning at the date each check was deposited by CHEC. These dates are not clear from the record. To enable the Court to enter a specific amount of pre-judgment interest in its ultimate Judgment, HBKY will need to supplement its motion with evidence to establish the proper beginning date of the accrual of interest of each check to CREC that should have gone to HBKY.

HBKY's motion does not request compounding of interest.[2] *See* D.E. 1142.

---

[2] "Kentucky law typically awards simple interest, but compound interest is also allowed in the court's discretion." *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.*, 598 F.3d 257, 276 (6th Cir. 2010); *see also Journey Acquisition-II, L.P. v. EQT Prod. Co.*, No. 6:12-CV-108-GFVT, 2015 WL 3916353, at *18 (E.D. Ky. June 25, 2015); *Groupwell Int'l (HK) Ltd. v. Gourmet Exp., LLC*, No. 4:09-CV-94-M, 2014 WL 2618601, at *20 (W.D. Ky. June 12, 2014); *Reliable Mechanical, Inc. v. Naylor Indus. Services, Inc.*, 125 S.W.3d 856, 858 (Ky. Ct. App. 2003).

### III. Post-judgment Interest

As established in 28 U.S.C. § 1961:

**(a)**   Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

**(b)**   Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.

28 U.S.C.A. § 1961.

As requested by HBKY (D.E. 1142 at 3), the Court should order post-judgment interest as provided by this statute. The rate of the one-year constant-maturity treasury yield fluctuates daily and is available online.[3]

### IV. Taxable Costs

Finally, HBKY asks the Court to award taxable costs. D.E. 1142 at 4. Federal Rule of Civil Procedure 54(d)(1) provides that "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." And 28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

**(1)**   Fees of the clerk and marshal;

**(2)**   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

**(3)**   Fees and disbursements for printing and witnesses;

---

[3] https://www.federalreserve.gov/releases/h15.

6

  **(4)**  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

  **(5)**  Docket fees under section 1923 of this title;

  **(6)**  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

HBKY's motion provides no accounting of fees. The Court could only guess as to what amount is taxable under these authorities. HBKY will need to promptly supplement its motion to identify, with supporting documentation, the dollar-amount of fees HBKY is seeking.

### V. Conclusion

The Court finds that HBKY's requested damages in the amount of $101,159.37 is liquidated, uncontested, and calculable from the record. HBKY is also entitled to pre-judgment interest, but the Court needs additional information to calculate the amount of interest owed. HBKY is entitled to post-judgment interest at a rate based on the date of entry of Judgment. HBKY may be entitled to costs, but HBKY must first identify the nature and amounts of those eligible costs. The Court will provide **ten days** for supplementation and for any objections.

For the reasons explained above, the undersigned **HEREBY RECOMMENDS THAT** HBKY's motion (D.E. 1142) be **GRANTED** and Judgment be entered only as to Defendant Cumberland-Harlan Exploration Corporation, awarding HBKY **$101,159.37** in damages against Defendant Cumberland-Harlan Exploration Corporation, along with

uncompounded pre-judgment interest, post-judgment interest as defined by statute, and any costs, provided HBKY provides adequate evidence to define and support those costs.

**FURTHER, IT IS HEREBY ORDERED THAT**, within **ten days** of entry of this recommended disposition, HBKY **SHALL FILE** a supplement to the motion (D.E. 1142) that provides a proper accounting of the costs and pre-judgment interest to be awarded.

Any objection to this recommendation must be asserted in response to this Recommended Disposition.  The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  Within **TEN DAYS** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 25th day of June, 2026.

Signed By:

_Hanly A. Ingram_

**United States Magistrate Judge**