UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

HBKY, LLC,                                )
                                          )
         Plaintiff,                       )          Case No. 6:21-cv-00101-GFVT-HAI
                                          )
v.                                        )
                                          )
ELK RIVER EXPORT, LLC, *et al*.,          )          **ORDER**
                                          )
         Defendants.                      )
                                          )

*** *** *** ***

This matter is before the Court upon the Report and Recommendation [R. 1189] filed by United Stated Magistrate Judge Hanly A. Ingram, addressing the Motion for Entry of Judgment under Rule 54(b) filed by Plaintiff HBKY. [R. 1142.]  Also before the Court is a separate Motion for Pre-Judgment Interest filed by HBKY pursuant to Judge Ingram's Report and Recommendation. [R. 1195.]  For the reasons that follow, Judge Ingram's Report and Recommendation will be adopted as and for the opinion of this Court, and HBKY's additional motion will be granted.

The Court entered default judgment against Defendant Cumberland-Harlan Exploration Corp. on August 8, 2022, and referred "the determination of the about of the money judgment" to Judge Ingram. [R. 259.]  On March 16, 2026, HBKY moved for determination of damages and entry of final judgment against Cumberland-Harlan. [R. 1142.]  Cumberland-Harlan has never entered an appearance in this case, and has not responded to any motions, including those presently before the Court.  Consequently, HBKY's present motions are unopposed.

With respect to the question of damages, Judge Ingram made several findings and recommendations.  First, he determined that "[l]iquidated damages in the amount of $101,159.37

are established by the terms of the First Amended Complaint [R. 122], its accompanying exhibits, and the motion [R. 1142] and accompanying exhibits[,]" and that a hearing was not necessary.  Judge Ingram additionally determined that because "the damages are liquidated and undisputed" HBKY "is entitled to pre-judgment interest as a matter of law."  However, Judge Ingram also stated that "[t]o enable the Court to enter a specific amount of pre-judgment interest in its ultimate Judgment, HBKY will need to supplement its motion with evidence to establish the proper beginning date of the accrual of interest of each check to [Cumberland-Harlan] that should have gone to HBKY."  This prompted the later motion filed at [R. 1195.]  Judge Ingram also stated that because HBKY's initial motion provided no accounting of taxable fees, its later supplement should also document the dollar-amount of fees HBKY is seeking under 28 U.S.C. § 1920.[1]  Lastly, Judge Ingram concluded that HBKY was entitled to post-judgment interest, as provided for at 28 U.S.C. § 1961.

In its supplemental motion, HBKY provided additional documentation related to its claim for pre-judgment interest.  Specifically, HBKY provides that "[b]ased upon the detailed information provided, HBKY requests the award of pre-judgment interest on the applicable 84.06% royalty to accrue from the date [Cumberland-Harlan] first wrongfully withheld payments after receiving HBKY's demand, which was June 29, 2021." [R. 1195 at 1.]  This reflects the interest with respect to the $101,159.37 award reflected in Judge Ingram's report and recommendation.  HBKY further provides that "[f]or payments made to [Cumberland-Harlan] thereafter, HBKY requests the award of pre-judgment interest on the applicable 84.06% royalty to accrue from the date of said payments to [Cumberland-Harlan] as indicated in HBKY's Exhibit 1 Supplement." [*Id*.]  This reflects a specific period of unremitted payments wrongfully

---

[1] In its supplemental motion, HBKY stated that "no material costs were incurred to justify a submission to the Court at this time relating to [Cumberland-Harlan]." [R. 1195 at 2.]

withheld by Cumberland-Harlan subsequent to receipt of HBKY's June 29, 2021, demand letter. To reiterate, Judge Ingram concluded that HBKY is entitled to pre-judgment interest as a matter of law at a rate of 8%. The sole question requiring supplemental briefing is the question of when that interest began to accrue. The Court finds that the supplement provides sufficient evidence to establish the proper beginning date of the accrual of interest of each check to Cumberland-Harlan that should have gone to HBKY, specifically, the date that each check cleared. For unremitted payments which accrued prior to Cumberland-Harlan's receipt of HBKY's demand letter, interest shall accrue from the date of the demand letter – June 29, 2021. This will be reflected in the judgment.

The Report and Recommendation notified parties of their appeal rights pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), and directed parties to file any objections within ten (10) days of service of the Recommendation. As of this date, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review … a magistrate's factual or legal conclusions, under a de novo or any other standard …" *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Report and Recommendation.

Accordingly, the Court having considered the record and being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

3

1. The Recommended Disposition **[R. 1189]** as to the Plaintiff's Motion for Default Judgment is **ADOPTED** as and for the Opinion of the Court;

2. HBKY's Motion for Judgment **[R. 1142]** is **GRANTED**;

3. HBKY is **AWARDED** damages in the amount of **$101,159.37** against Defendant Cumberland-Harlan Exploration Corporation;

4. HBKY is **AWARDED** post-judgment interest at a rate of 3.96%, as established in 28 U.S.C. § 1961.

5. HBKY's Motion for Pre-Judgment Interest **[R. 1195]** is **GRANTED**;

6. HBKY is **AWARDED** pre-judgment interest at the rate of 8% per annum, beginning on the following dates and upon the following sums:

    a. As to the unremitted royalties in the amount of $87,725.77, pre-judgment interest shall accrue beginning on June 29, 2021, which covers the unremitted royalties from the period of June 2016 to June 2021, prior to Cumberland-Harlan's receipt of the June 29, 2021, demand letter.

    b. As to Check No. 12768, in the amount of $1,342.12, pre-judgment interest shall accrue beginning on September 30, 2021.

    c. As to Check No. 13097, in the amount of $1,792.89, pre-judgment interest shall accrue beginning on October 31, 2021.

    d. As to Check No. 13940, in the amount of $3,060.36, pre-judgment interest shall accrue beginning on November 30, 2021.

    e. As to Check No. 14741, in the amount of $2,269.09, pre-judgment interest shall accrue beginning on January 31, 2022.

f.  As to Check No. 16004, in the amount of $4,401.85, pre-judgment interest shall accrue beginning on February 28, 2022.

g.  As to Check No. 16535, in the amount of $2,221.49, pre-judgment interest shall accrue beginning on February 28, 2022.

This the 10th day of July 2026.

Gregory F. Van Tatenhove
United States District Judge