UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| HBKY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:21-cv-00101-SCM-HAI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ELK RIVER EXPORT, LLC, et al., | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on Plaintiff HBKY's Motion for Leave to Amend its Complaint. [Dkt. 801]. Specifically, HBKY seeks leave to file a third amended complaint in the instant matter to assert a number of additional tort and contract causes of action against JRL Coal Co. Although this motion was first filed on July 5, 2024, it has remained subject to the automatic stay imposed in *In re JRL Energy, Inc., et al.*, No. 24-61173-GRS, *et seq*. [Dkt. 1153]. Having been notified that the automatic stay has been lifted by the Bankruptcy Court, this Court will now proceed in addressing this motion. [*See* Dkt. 1187]. For the reasons that follow, the Court will **GRANT** the Plaintiff's Motion to Amend.

## I. Facts

The facts of this case are extensive and are well-documented over the course of the Court's prior Orders. The instant motion stems from the Court's March 28, 2024, Memorandum Opinion and Order, which granted HBKY's motion for partial

summary judgment. [*See* Dkt. 701]. In that opinion, the Court resolved a question of priority among the parties to the Darby Seam, as well as the proceeds from the mining operations to remove the underground coal located therein. JRL Coal's interest derived from the Amended and Restated Coal Lease, the 2018 Settlement Agreement, and the 2018 Master Amendment Agreement ("MAA"). HBKY claimed an interest arising out of a mortgage on the real estate titled to Kingdom Energy Resources, LLC, in addition to federal judgments issued by this Court and courts in New York. The Court concluded that "JRL's interest in Brookside derives from the 2018 Master Amendment Agreement. Thus, the novation subordinated any interest that JRL had to HBKY's security interest, which was created, attached, and perfected in 2016." [Dkt. 701 at 11].

Based on this holding, HBKY now seeks to amend its complaint to plead additional claims against JRL Coal, because, in its view, "JRL Coal had constructive and actual notice of the security interest held by HBKY and acted without the written consent of HBKY or its predecessors in interest." [ Dkt. 801 at 2]. JRL Coal opposes HBKY's motion seeking leave to amend, arguing that HBKY's proposed claims are futile, the assertion of the claims is unduly delayed, and that JRL will suffer undue prejudice as a result. [*See* Dkt. 822]. This motion, while fully briefed, was subject to the automatic stay in JRL's unrelated bankruptcy proceeding and has remained pending on the docket since that time. Now, with the stay having been lifted, the matter is finally ripe for judicial review. [*See* Dkt. 1187].

## II. Analysis

Federal Rule of Civil Procedure 15 allows a plaintiff to amend its complaint either by right or with leave of the Court, depending on the circumstances. A plaintiff can amend its complaint once as a matter of right under two scenarios. *Id.* First, under Rule 15(a)(1)(A), a plaintiff may amend the complaint within twenty-one days of serving it. Second, under Rule 15(a)(1)(B), a plaintiff may amend the complaint before the earlier of twenty-one days after service of a responsive pleading or twenty-one days after service of a motion made under Rule 12(b), (e), or (f). If neither Rule 15(a)(1)(A) nor Rule 15(a)(1)(B) applies, then Rule 15(a)(2) requires the plaintiff to obtain either consent from the opposing party or leave of the Court to amend its pleading. Rule 15(a)(2) applies to the proposed amendment at issue here.

Rule 15(a)(2) directs federal courts to "freely give leave [to amend] when justice so requires." Ultimately, the question of whether justice requires leave to amend a complaint "is left to the sound discretion of the district court." *Estes v. Ky. Utils. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). In exercising this discretion, however, the Court must consider several factors. *See Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001). "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Id.* (quoting *Head v. Jellico Hous. Auth.,* 870 F.2d 1117, 1123 (6th Cir.1989)). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Daniels*

*v. Schick*, Civil Action No. 5:22-157-KKC, 2024 WL 218112, at *1 (E.D. Ky. Jan. 19, 2024) (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). However, "[t]he party opposing the amendment has the burden of demonstrating that it would be prejudicial or futile." *Beverly v. MEVA Formwork Systems, Inc.*, Civil Action No. 3:08-29-DCR, 2009 WL 10713093, at *2 (E.D. Ky. 2009) (citing *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)).

Against the backdrop of these standards, JRL Coal contends that HBKY's motion to amend must be denied for two alternative reasons. First, JRL Coal contends that the amendment is barred by the doctrine of futility. Second, JRL Coal argues that the amendment is barred because of undue delay, which JRL Coal says is unduly prejudicial to it. The Court disagrees on both counts.

**A. JRL Coal has not demonstrated that HBKY's claims are futile.**

JRL Coal argues that HBKY should not be granted leave to amend its complaint because the additional claims it seeks to plead are futile. "An amendment's futility is judged on its ability to withstand a motion to dismiss and thus is subject to the 12(b)(6) standards." *Daniels*, 2024 WL 218112, at *1 (citing *Ziegler v. IBP Hog Market*, 249 F.3d 509, 518 (6th Cir. 2001)). Unsurprisingly, then, JRL Coal contends that the motion must be denied because the proposed amendments would not withstand a motion to dismiss brought under Rule 12(b)(6). More specifically, it contends—among other things—that many of the claims are barred by the applicable statutes of limitation. The Court will consider each of these futility arguments in turn.

JRL Coal contends that Counts Eight, Nine, Eleven, and Twelve are futile because they are barred by the statute of limitations applicable to each claim. [*See* Dkt. 822 at 9–13]. This argument fails, at this juncture at least, for several key reasons. First, HBKY asserts a continuing injury, stating that "[e]ach and every day JRL mines, HBKY suffers new injuries." [Dkt. 823 at 7]. In other words, even if a statute of limitations is applicable, it would not necessarily bar the entirety of its claim because the statute runs relative to each specific instance in which JRL mines.[1] In this respect, JRL Coal's futility argument is overbroad; it cannot demonstrate that the entirety of HBKY's proposed additional claims are futile, and therefore improper. Further, regardless of the length of the applicable limitations period, JRL Coal has not demonstrated that such claims would not relate back to the filing of the original complaint. *See* Fed. R. Civ. P. 15(c) (relation back of amendments). In fact, JRL Coal's brief does not even appear to address the relation back doctrine. Thus, for all

---

[1] As to Count Eight, JRL Coal asserts—without citing any authority—that HBKY's proposed tortious-interference claim is time-barred because it is based on conduct occurring in 2018 and is subject to a two-year statute of limitations. Tortious interference, however, is subject to a five-year statute of limitations under Kentucky law. *See Dorn v. Dominique*, Nos. 22-5620/5682, 2023 WL 2543714, at *7 (6th Cir. Mar. 14, 2023) (citing *Cameo, LLC v. Techni-Coat Int'l, N.V./S.A.*, No. 5:14-cv-256-JMH, 2017 WL 690194, at *4 (E.D. Ky. Feb. 21, 2017)); *Underwood v. Metts*, No. 2018-CA-000124-MR, 2019 WL 1313144, at *2 (Ky. Ct. App. Mar. 22, 2019) (holding that the five-year limitations period under Ky. Rev. Stat. § 413.120 applies to tortious-interference claims). So even if the tortious interference claim were based solely on conduct occurring in 2018 rather than a continuing injury, the limitations period would not have run before this lawsuit was filed in 2021. HBKY contends that the amendment relates back to the original complaint for purposes of the statute of limitations, and JRL Coal says nothing to refute that. So the Court accepts HBKY's contention, with the upshot being that even if JRL Coal is correct that the statute of limitations began running on the tortious-interference claim in 2018, the Court cannot conclude at this juncture that the claim is time-barred.

these reasons, JRL Coal has not met its burden of showing that these claims are time-bared and therefore futile.

JRL Coal next contends that Counts Eight, Nine, Eleven, Thirteen, and Sixteen are futile because the law-of-the-case doctrine bars HBKY from relitigating whether the 2018 MAA is valid or whether it encumbers Brookside. [Dkt. 822 at 9 n.3]. To that same effect, JRL Coal likewise contends that Counts Eight, Nine, Eleven, Fourteen, and Fifteen cannot be maintained because JRL Coal is operating under a valid lease. [*See id.* at 9–14]. These arguments miss the point. Even if JRL Coal is mining coal pursuant to a valid lease with Kingdom Energy, JRL Coal has not sufficiently demonstrated that HBKY cannot assert a cause of action for trespass or conversion derived from its own rights to the collateral. The same is true for HBKY's claims for unjust enrichment and, relatedly, its claim for constructive trust. Again, JRL Coal bears the burden of showing that the additional claims would be futile, and it has not done so on this basis.

JRL Coal further argues that some—or maybe even all—of the Third Amended Complaint is futile because HBKY is estopped from claiming a lien on the coal as personal property due to the fact that, in JRL's view, HBKY previously failed to assert such claims and affirmatively denied that its lien claims extend to mined coal. [*Id.* at 10–11 n.4]. HBKY counters that JRL is not entitled to this sort of equitable argument because of the doctrine of unclean hands. In raising this assertion, HBKY cross-references its briefing in a separate motion, in which it stated that "because JRL has engaged in fraudulent and unconscionable conduct, namely its conspiracy

with Kingdom to avoid HBKY's lien, it has unclean hands, and, therefore, cannot rely on equitable defenses in defending HBKY's claims against it." [Dkt. 823 at 14]. The Court need not delve into the merits of this argument at this early stage; rather, it is sufficient to raise material factual and legal questions that undermine JRL Coal's futility argument.

JRL Coal also advances the argument that some of the proposed claims are futile because HBKY is not in possession of Brookside. [*See* Dkt. 822 at 9–19]. Again, HBKY is not attempting herein to "relitigat[e] whether it has a perfected security interest" but rather, "[t]he primary focus in the Motion is JRL's continued interference with HBKY's coal collateral." [Dkt. 831 at 14]. Furthermore, HBKY contends here, as it has at other times in this case, that "[n]one of HBKY's claims concerning JRL's interference with the coal Collateral require possession of Brookside despite JRL's argument to the contrary." [*Id.*; *see also* Dkt. 823]. HBKY further contends that, either way, it is in actual or constructive possession of the Brookside property sufficient to maintain its claims. This question is central to the dispute and has not been squarely briefed or addressed by the Court's prior orders. Consequently, in the Court's view, a motion for leave to amend the complaint is not the appropriate venue for these questions to be resolved, at least on the briefing presently before it. Consequently, the Court will not find futility on this basis either. Insofar as the Parties seek to further dispute this point, they may do so squarely in a future motion to dismiss, or otherwise. At any rate, JRL Coal still has failed to meet its burden of showing futility.

Finally, JRL Coal states that Count 13 is futile because it believes that HBKY has not asserted a claim for willful trespass. [*See* Dkt. 822 at 13]. This overlooks Count Ten, which clearly asserts a claim for trespass, pleaded as both willful and negligent trespass. [*See* Dkt. 801-2 at 8–9]. Again, this fails to demonstrate futility.

In sum, JRL Coal has not met its burden of demonstrating that HBKY's amended complaint, or any of the claims within it, are futile. However, this conclusion is reached without prejudice to JRL Coal's ability to raise in a subsequent dispositive motion the same issues that it has pointed to in support of its futility arguments.

**B. HBKY's Motion to Amend is neither unduly delayed nor unduly prejudicial to JRL Coal.**

JRL Coal next contends that the motion to amend should be denied because HBKY unduly delayed seeking to amend and therefore has unduly prejudiced JRL Coal. JRL Coal contends that "HBKY has unduly delayed in asserting (i) any monetary claims against JRL; (ii) basing any of its claims in the first three complaints it filed on Ky. Rev. Stat. § 382.350; and (iii) failing to "take action" to assert this claim or any other monetary claim against JRL based on JRL's mining." [Dkt. 822 at 16]. JRL Coal further claims that "[t]he delay works undue prejudice on the JRL Defendants by subjecting them to potential claims years after JRL invested millions of dollars in the mine." [*Id.*].

This argument is ultimately insufficient to defeat the amendment because JRL Coal is unable to point to any prejudice that would arise if HBKY were permitted to amend its complaint other than having to litigate the new claims. On the contrary,

HBKY has adequately demonstrated that it was not delayed in requesting leave to amend. First, HBKY provides that it sought leave in response to JRL Coal first asserting the argument that "HBKY could not obtain injunctive relief through KRS § 382.350 because it had not specifically pleaded a claim for the violation of same." [Dkt. 831 at 6; *see also* Dkt. 788]. HBKY sought leave to amend within fourteen days of JRL Coal's raising this argument for the first time. [*See* Dkt. 801]. HBKY therefore contends that "there was no delay, undue or otherwise, in HBKY moving to more specifically plead its claims after JRL raised the alleged issue." [Dkt. 831 at 5]. Additionally, this Court ruled on March 28, 2024, that the 2018 MAA constituted a novation, and it is from this order that HBKY claims entitlement to monetary and injunctive relief. [*See* Dkt. 701]. Following the ruling on the novation question, HBKY demanded that JRL Coal cease and desist the mining of coal, and JRL Coal refused to do so on April 10, 2024. This, likewise, prompted the instant motion "after first exhausting extra-judicial efforts to resolve the issues with JRL." [Dkt. 831 at 6]. In fact, the Court emphasized that its novation ruling "is narrowly confined to the issues of novation and priority," and "[s]hould the parties determine that adjudication of reclamation liability is necessary, they may bring it to the Court's attention through future briefing." [Dkt. 701 at 11–12]. It seems incongruent for JRL Coal to express surprise or prejudice in the face of the Court's directive. Third, and finally, HBKY notes that there are no current discovery deadlines in this matter, no dispositive motions, or even a scheduling order presently in place. On balance, these considerations point strongly toward the conclusion that there is no undue delay in

HBKY's request to amend.

The Court is persuaded that HBKY's motion for leave to amend its complaint is not the product of undue delay. It likewise finds that JRL Coal will not suffer undue prejudice should HBKY be permitted leave to amend its complaint. Consequently, and because leave to amend should generally be "freely granted," the Court will grant HBKY's motion.

## III. Conclusion

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff HBKY's Motion for Leave to Amend its Complaint [Dkt. 801] is **GRANTED**;
2. The Clerks' Office is **DIRECTED** to file the Third Amended Complaint at [Dkt. 801-2] in the record.

This the 29th day of September 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky